IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 12, 2004

## STATE OF TENNESSEE v. ROGER DALE CATES

**Appeal from the Criminal Court for Sumner County**
**No. 03-CR-8532     Jane Wheatcraft, Judge**

_____

**No. M2003-02769-CCA-R3-CD - Filed November 24, 2004**

_____

The defendant, Roger Dale Cates, was convicted of driving under the influence, third offense. The trial court imposed a sentence of eleven months and twenty-nine days with one hundred twenty days to be served in jail and the balance to be served on probation. The defendant's driver's license was revoked for a period of three years. Because the trial court properly instructed the jury as to whether the defendant was in control of the vehicle, the judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID H. WELLES and JOHN EVERETT WILLIAMS, JJ., joined.

John Pellegrin, Gallatin, Tennessee, for the appellant, Roger Dale Cates

Paul G. Summers, Attorney General & Reporter; Kathy D. Aslinger, Assistant Attorney General; and Lytle Anthony James, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On October 12, 2002, Officer Tim Pharris of the Sumner County Sheriff's Department observed a 1992 Chevrolet Cavalier parked on the shoulder of the roadway near the intersection of Highway 231 and Old 31-E. After stopping to inspect the vehicle, the officer determined that the engine was running and that the defendant was asleep at the steering wheel. The defendant was wearing a seatbelt. When awakened by the officer, the defendant explained that he was tired and needed to take a nap. Because the officer smelled alcohol, he administered a finger-to-nose test, the one-leg-stand test, and a walk-and-turn test. According to the officer, the defendant performed poorly on each examination.

At that point, the defendant was placed under arrest, driven to the Sumner County Regional Medical Center, and given a blood test. A forensic chemist with the TBI determined that the blood alcohol content was .18%.

At trial, Lynn Cates, the daughter of the defendant, testified that on the evening prior to the arrest, she left the defendant at Cowboy's Bar in Gallatin while she went to a Wal-Mart to shop. She claimed that when she returned to the bar, she found that the defendant had consumed too much alcohol and could not drive. Ms. Cates testified that she drove him to his vehicle which was parked at highway 231 and Old 31-E, where the defendant got out of the car after assuring her that he would not attempt to drive.

Effie Cates, the defendant's wife, testified that she would have driven by the defendant's vehicle on her way home from work. She claimed that if she had seen his vehicle parked at the intersection, she would have stopped and given him a ride to their home. Ms. Cates acknowledged, however, that she had not made any advance arrangements to provide the defendant any transportation.

The defendant, testifying in his own behalf, claimed that he was aware that he had had too much to drink prior to his arrest. He stated that it was his intention to simply wait in his car until his wife drove by on her way home from work. On cross-examination, the defendant acknowledged that he had made no arrangements to meet his wife at the location of his vehicle.

In this appeal, the defendant argues that the trial court erred in its instructions to the jury by the definition of the term "in physical control." At the request of the state, the trial court charged the jury as follows:

> [T]he expression "in physical control of an automobile" is defined as a totality of all the circumstances, i.e., the location of the defendant in relation to the vehicle, the whereabouts of the ignition key, whether the motor was running, the defendant's ability, but for his intoxication, to direct the use or non-use of the vehicle, or the extent to which the vehicle itself is capable of being operated or moved under its own power or otherwise. The same considerations can be used as circumstantial evidence that the defendant had been driving the vehicle.

In State v. Lawrence, 849 S.W.2d 761, 763 (Tenn. 1995), our supreme court adopted a totality of the circumstances test in determining that the defendant was, in fact, in physical control of an automobile within the meaning of Tennessee Code Annotated. section 55-10-401. Our high court concluded that the offense could be committed when the defendant was either driving the vehicle while under the influence of alcohol or by being in control of the vehicle while intoxicated. Our supreme court determined that the legislative intent was "to enable the drunken driver to be apprehended before he strikes." Id. at 765.

Later, our supreme court upheld a conviction where the defendant, while intoxicated, was found within 100 yards of his motorcycle. Even though the motorcycle was inoperable at the time, because a spark plug had been removed and a cylinder needed to be drained, the defendant was properly convicted of driving under the influence. State v. Butler, 108 S.W.3d 845 (Tenn. 2003). While Justice Adolpho A. Birch, Jr., dissented, concluding that the evidence was insufficient to

establish that the defendant was in physical control of his motorcycle at the time of his arrest, the majority of our supreme court reaffirmed the test established in <u>Lawrence</u> and concluded that the evidence was sufficient to establish that the vehicle was "reasonably capable of being rendered operable." <u>Id</u>. at 854.

In our view, the trial court properly instructed the jury. The totality of the circumstances test established in <u>Lawrence</u> was applicable. Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE